GURAN et, d. b. a. M. B. GURAN COAL & CONTRACTING CO.,
Appellants, v. WHIMS, Appellee.

Ohio Appeals, Ninth District, Summit County.

No. 4218. Decided December 26, 1951.

578

Roby & Arenson, Akron, for appellants.
Bailey & Bailey, Akron, for appellee.

**OPINION**

By DOYLE, J.

Since the enactment of §6290-4 GC, it has been required, in litigation seeking damages for injury to a motor vehicle, that ownership of the vehicle be established by the introduction into evidence of a certificate of title issued to the complainant.

A part of the Code section noted above is in the following language:

"* * * No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

In the trial of the instant case in the Municipal Court of Akron, wherein the plaintiffs, noted in the caption hereof, brought suit against the defendant for claimed negligent injury to their motor vehicle, the partnership was denied the right to introduce into evidence its certificate of title. As a result thereof it failed to establish ownership of the vehicle, and consequently lost its case.

The several Gurans, noted in the caption, are associated in

a partnership (pleaded in the petition and proved in the trial), and they operate their business under the name of "M. B. Guran Coal & Contracting Co." It appears that the certificate of title was issued in the name of "M. B. Guran Coal and Contracting," with the word "Company" missing. Evidence was offered, and rejected by the court, tending to prove that the partnership which brought the lawsuit, and "M. B. Guran Coal and Contracting," in which name the truck was registered, were one and the same firm. As stated before, this evidence was rejected, as was the certificate of title; and without it, plaintiffs were unable to make a case. A judgment for the defendant was thereupon entered.

The appeal brings to us, for review, the legality of the court's ruling in respect to the attempted proof of ownership.

The suit was instituted by the partnership, and properly brought by virtue of §11260 GC. This section is:

"A partnership formed for the purpose of carrying on a trade or business in this state, or holding property therein, may sue or be sued by the usual or ordinary name which it has assumed, or by which it is known. In such case it shall not be necessary to allege or prove the names of its individual members."

While there appears in the caption of the petition the names of the several partners, this inclusion in and of itself does not require a court to determine that the suit was instituted by the individual partners, as distinguished from the partnership as a legal unit. There appears in the body of the petition an allegation that the M. B. Guran Coal and Contracting Co., as set forth in the caption of the petition, was a partnership. Also, the pleading was verified by one John Guran, who stated therein that "he is united in interest with the other members of the partnership of M. B. Guran Coal and Contracting Co."

While the statute (§11260 GC) does not in terms require an allegation or proof of the names of the individual members of a partnership, the inclusion of the names in a petition, either in the caption, or in the body of the petition, may be treated as mere surplusage. So here, a reading of the entire petition leaves no doubt but that the partnership as such brought the suit, and that the "M. B. Guran Coal and Contracting Co." was the plaintiff in the action. It is observed in this connection, however, that good pleading would have set forth, in the caption of the petition, the words "a partnership" following the adopted name. Compare **Phoenix Ins. Co. of Brooklyn v. T. & W. R. Carnahan, 63 Oh St 258.**

There is no prohibition in the law of this state against a

partnership holding legal title to a motor vehicle. **Sec. 6290 et seq, GC.**

A partnership, as such, can own chattel property. In fact, "Conveyances of chattel interests may be made by or to the firm in the firm name, and will be regarded as effective to convey legal title from or to all the partners individually." **30 O. Jur., Partnership, Sec. 37, pg. 1022,** and cases therein cited.

Apparently the court rejected the evidence offered to prove ownership of the vehicle, on the ground that the partnership party which instituted the suit was not the party to which the certificate of title was issued, because the word "Company" was in the name of one and not the other. If in truth and fact the parties are the same, to permit what appears to be a clerical error to alone defeat a substantial right of the plaintiff, would pervert truth and defeat the whole concept of justice.

The identity of individuals or firms may be established by proof, and in this case it was the duty of the court to permit the introduction into evidence of such proffered proof, and then determine whether the plaintiff partnership and the holder of the certificate of title were identical.

Judgment reversed and cause remanded.

HUNSICKER, PJ, STEVENS, J, concur.